**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN PABLO RIOS-AVALOS (D-3),

    Defendant.
_____/

Case No. 10-20235

HONORABLE DENISE PAGE HOOD

**ORDER DENYING MOTION TO SEVER**

**I.     BACKGROUND**

Defendant Juan Pablo Rios-Avalos, along with ten other defendants, is charged in a 19-count First Superceding Indictment. Rios-Avalos is charged in two counts: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1), and Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 11). Defendant Aaron Lamont Scott filed a Notice of Joinder on the instant motion filed by Rios-Avalos. The Government filed a response to the motion and a hearing was held on the matter. For the reasons set forth on the record and below, the Court denies Rios-Avalos' Motion to Server.

**II.    ANALYSIS**

    **A.    Motion to Sever**

Rios-Avalos claims he was improperly joined in the First Superceding Indictment because the majority of the facts and most of the defendants bear no relation to him whatsoever. Alternatively, Rios-Avalos claims that it will be unfairly prejudicial were he to be tried with the

other co-defendants due to the risk of spillover evidence. The Government responds that neither Rios-Avalos nor Scott have presented sufficient evidence to warrant severance.

Fed.R.Crim.P. 14(a) provides, "if the joinder of offenses or defendants in an indictment, ..., appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." There is a preference in the federal system for joint trials of defendants who are indicted together because it promotes efficiency and serve the interests of justice by avoiding inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The rules are liberally construed in favor of joinder and it is presumed that the jury is capable of sorting out evidence and considering the case of each defendant separately. *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993); *United States v. Darden,* 70 F.3d 1507, 1526 (8th Cir. 1995). The party seeking severance "has a heavy burden of showing specific and compelling prejudice." *Harris,* 9 F.3d at 500. Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Zafiro,* 506 U.S. at 540. A defendant must demonstrate that "an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Gardiner,* 463 F.3d 445, 473 (6th Cir. 2006).

Rios-Avalos is charged with conspiracy in Count 1. Count 1 alleges that in December 2009, defendants conspired to distribute cocaine from Mexico to Michigan. It was the role of Rios-Avalos to help facilitate the unloading of the cocaine from the transmission of the courier vehicle in Michigan. (Doc. No. 60, Count 1) The other count Rios-Avalos is charged with is that he unlawfully used a communication facility, a telephone, in the distribution of the cocaine. (Doc. No. 60, Count 11) Rios-Avalos' argument is essentially that he played a small role in the conspiracy and

that the remainder of the facts involve the other co-defendants, which he claims he had no contact with.

The Government responds that the discovery provided to Rios-Avalos directly links his over acts to other co-conspirators. The Affidavit of the Task Officer John Walker in support of the initial complaint states that Rios-Avalos admitted that he and his passenger co-defendants (Jose' Rios, Cesar Ornelas-Velasquez and Jose' Cota Perez) were following co-defendant Lehrue Freeman-Payne to a residence to offload three of the twelve 1/2 kilogram packages of cocaine secreted in the Ford F-150 driven by Rios-Avalos. (Walker Aff., ¶¶ 2, 13-14) The Affidavit further states that co-defendant Rios paid Rios-Avalos to wire $10,000 in several increments from the United States to Rios' wife in Mexico between December 2009 and April 2010. (Walker Aff., ¶¶ 11-12)

It may be true that Rios-Avalos merely assisted in off-loading the vehicle and wiring monies to Mexico, however, the allegations in the First Superceding Indictment and Walker's Affidavit sufficiently shows Rios-Avalos was involved in a conspiracy to distribute cocaine from Mexico to Michigan. Actual agreement among co-conspirators need not be proved, since a drug conspiracy is often a "chain" conspiracy such that agreement can be inferred from the interdependence of the enterprise. *United States v. Bourjaily,* 781 F.2d 539, 544 (6th Cir. 1986). A co-conspirator also does not need to know the identities of other participants in a "chain" conspiracy. *United States v. Odom,* 13 F.3d 949, 959 (6th Cir. 1994). Rios-Avalos has failed to overcome his heavy burden of showing specific compelling prejudice in being tried together with his co-defendants in this case.

As to Scott, other than the Notice of Joinder, he does not set forth any facts to overcome the heavy burden of showing specific compelling prejudice in being tried together with his co-defendant in this case.

### III. CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED Juan Pablo Rios-Avalos' Motion to Sever **[Doc. No. 171, filed 5/6/2011]** and the Notice of Joinder/Concurrence as to this motion **[Doc. No. 172, filed 5/9/2011]** are DENIED.

                                              s/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: July 5, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 5, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager